IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| Meghan Faxel, and<br>Mike Faxel, | )<br>)<br>) | No.: |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | |
| Wilderness Hotel & Resort, Inc.<br>d/b/a Wilderness Resort, | )<br>)<br>) | COMPLAINT AND DEMAND<br>FOR JURY TRIAL |
| Defendant. | )<br>)<br>)<br>) | |

## COMPLAINT AT LAW

NOW COME the Plaintiffs, MEGHAN FAXEL and MIKE FAXEL, by their attorneys, PARENTE & NOREM, P.C., and hereby allege the following as their Complaint at Law:

### PARTIES

MEGHAN FAXEL and MIKE FAXEL, are both adult residents of the State of Illinois, City of New Lenox, currently residing at 923 Karen Lane, New Lenox, Illinois 60451.

Upon information and belief, defendant WILDERNESS HOTEL & RESORT, INC., d/b/a WILDERNESS RESORT, (hereinafter referred to simply as "WILDERNESS"), is a foreign corporation, doing substantial business in the State of Illinois, whose principal place of business is located at 511 East Adams Street, Wisconsin Dells, Wisconsin, 53965.

### JURISDICTION AND VENUE

This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C.§1332(a)(1) because the plaintiff is a citizen of Illinois and the corporate Defendant is

## COUNT I
## PREMISES LIABILITY

That at all times relevant, Defendant WILDERNESS, had a duty to operate, manage, maintain, and control its premises with ordinary and reasonable care so as to not cause injury to those lawfully thereon, including Plaintiff.

That at the aforementioned time and place, and notwithstanding the aforesaid duty, Defendant then and there carelessly and negligently did, or failed to do, one or more of the following acts and/or omissions, breaching its duty/duties to Plaintiff:

a. Failed to maintain its water ride to provide necessary water flow to move all approved riders through the ride to its conclusion in a safe manner;

b. Failed to maintain its water ride so that riders, like Plaintiff, would not get stuck in a dangerous position on its ride;

c. Failed to maintain or otherwise select its inflatable tubes to ensure they would allow riders, including Plaintiff, to safely proceed through its water ride;

d. Failed to maintain and inspect the water ride to make sure it was in proper working order;

e. Failed to shut down the ride for necessary maintenance when the ride was not functioning properly;

f. Failed to stop riders from getting on the ride when it knew or should have known it was not operating properly;

g. Failed to warn riders that they could get stuck in a dangerous manner on the ride even if they were approved by employees to ride;

That as a direct and proximate result of one or more of the aforementioned acts and/or omissions by Defendant WILDERNESS, Plaintiff, MEGHAN FAXEL suffered multiple injuries,

incorporated in Wisconsin, and the amount in controversy between the parties exceeds the sum of $75,000.00, exclusive of interest and costs.

This Court has personal jurisdiction over the Defendant because, at all times material hereto, it transacted significant business in the State of Illinois.

Venue is proper in the judicial district pursuant to 28 U.S.C.§1369 because a substantial part of the events giving rise to the Plaintiff's claims occurred in this district.

## FACTS COMMON TO ALL CLAIMS

That on or before August 18th, 2016, the Defendant was doing business as a resort containing an indoor water park at its location at 511 East Adams Street, Wisconsin Dells, Wisconsin, 53965.

That on the aforesaid date and at the aforesaid location, Plaintiff Meghan Faxel, was then and there lawfully upon said premises and was specifically utilizing the indoor waterpark located thereon with her family and also friends who were all guests of the resort.

She was approved by certain employees, believed to be Wilderness staff members within the water park, to get in line for and ride a certain water ride that has a toilet-bowl type appearance and upon riding said ride, while seated as instructed on an inflatable tube provided to her by the Defendant, became stuck in the whirlpool portion of the ride on what may be described as the upper edge of the bowl structure portion of the ride.  At this time and location, the water flow failed to dislodge her and move her onward in said ride.  She remained stuck for a period of time and was then was caused to flip over sustaining severe injury, specifically fracturing her clavicle in such a manner as to necessitate multiple surgeries and additional care which was received in Illinois.

both internally and externally, of a personal and pecuniary nature, which caused pain in body and mind, which are continuing in nature.

## COUNT II
## NEGLIGENCE

That at all times relevant, Defendant WILDERNESS, had a duty to design and operate its water park with ordinary and reasonable care so as to not cause injury to those thereon, including Plaintiff.

That at the aforementioned time and place, and notwithstanding the aforesaid duty, Defendant then and there carelessly and negligently did, or failed to do, one or more of the following acts and/or omissions, breaching its duty:

a. Operated a water ride that did not have adequate water flow to support the safe movement and progression through the ride of Plaintiff;

b. Approved Plaintiff to utilize an inflatable tube that was not fit for the particular ride;

c. Allowed Plaintiff to proceed on the water ride when it should not have due to the condition of the ride;

d. Failed to instruct riders, including Plaintiff, as to what actions to take or not take in the event that they become stuck on the ride;

e. Failed to shut down the ride for necessary maintenance when the ride was not functioning properly;

f. Failed to stop Plaintiff from getting on the ride when it knew or should have known it was not operating properly;

g. Failed to warn riders, including Plaintiff, that they could get stuck in a dangerous manner on the ride even if they were approved by employees to ride;

h. Designed a ride that allowed riders to become stuck in an unsafe position;

i. Designed, planned and constructed a ride that was unsafe for riders as they could become stuck in an unsafe position.

j. Operated the ride when it was unsafe to do so, allowing Plaintiff to ride and become stuck;

That as a direct and proximate result of one or more of the aforementioned acts and/or omissions by Defendant WILDERNESS, Plaintiff, MEGHAN FAXEL suffered multiple injuries, both internally and externally, of a personal and pecuniary nature, which caused pain in body and mind, which are continuing in nature.

## COUNT III
## LOSS OF CONSORTIUM

That the Plaintiff MIKE FAXEL is, and at all relevant times mentioned herein, remains the lawful spouse of the Plaintiff MEGHAN FAXEL, and was co-habiting with her and enjoying her companionship and care.

That the Plaintiff MIKE FAXEL re-alleges and re-states all allegations contained in the aforementioned Counts I and II, as though fully stated herein.

That because of the injury and as a proximate result of the wrongful acts of the Defendant WILDERNESS, the Plaintiff MIKE FAXEL has suffered loss of services of his spouse, which prior to his injuries were of great value to him.

That Plaintiff MIKE FAXEL has also been deprived of his spouse's affection, companionship, and consortium.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, MEGHAN FAXEL and MIKE FAXEL pray for the following relief:

A. Judgment in favor of Plaintiff and against the Defendant, for damages in such amounts as may be proven at trial in excess of $75,000.00;

B. Compensation for both economic and non-economic losses, including but not limited to medical expenses, loss of earnings, disfigurement, pain and suffering, loss of enjoyment of life, loss of consortium, mental and emotional distress, in such amounts as may be proven at trial;

C. Attorney fees and costs;

D. Pre- and post-judgment interest as may be appropriate; and

E. Any and all further relief, both legal and equitable, that the Court may deem just and proper.

PLEASE TAKE NOTICE THAT THE PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY IN THE ABOVE MATTER.

Respectfully submitted,

Amanda M. Martin

IL ARDC# 6275447
The Law Offices of
PARENTE & NOREM, P.C.
221 NORTH LASALLE STREET-27TH FLOOR
Chicago, IL  60601
PHONE: (312) 641-5926
FAX: (312) 641-5929
email: am@pninjurylaw.com