IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MEGHAN FAXEL and
MIKE FAXEL,

                Plaintiffs,                              OPINION AND ORDER

    v.

                                                      19-cv-1026-slc

WILDERNESS HOTEL & RESORT, INC.,

                Defendant.

---

      Before the court is defendant Wilderness Hotel & Resort, Inc.'s motion to dismiss this case, with prejudice, for lack of prosecution, based on plaintiffs' two-plus months' delay in filing an amended complaint. Dkt. 27. For reasons discussed below, I am denying defendant's motion. That said, the facts leading up to this motion reveal a lack of candor and diligence by plaintiffs' counsel in meeting deadlines, in responding to opposing counsel, and in complying with the Federal Rules of Civil Procedure. The court will not tolerate such behavior going forward.

BACKGROUND

      Plaintiffs Meghan and Mike Faxel initiated this civil lawsuit in the Northern District of Illinois, seeking to recover damages arising from an injury sustained by Meghan Faxel on a water ride at the Wilderness Resort in Wisconsin Dells. Dkt. 1. On December 2, 2019, that court issued an order finding that it lacked personal jurisdiction over the defendant and transferring the case to this court. Dkt. 21. On January 23, 2020, this court held a telephonic pretrial conference with the parties to establish the schedule for the case. In their joint report, the parties reported that the Faxels planned to file an amended complaint adding as a defendant Pro

Slide Technology, Inc., a Canadian company that designed and maintained the water ride. Once ProSlide was added, Wilderness planned to file a cross-claim against Pro Slide. Dkt. 25, at 2. At the parties' request, the court set February 21, 2020, as the last date on which pleadings could be amended without leave of the court. Dkt. 26.

Plaintiffs did not file an amended complaint on February 21, 2020. On February 26, 2020, counsel for defendant contacted plaintiffs' counsel to ask what was up; plaintiffs' lawyer responded that the amended complaint "should be coming through today," and that her assistant had mistakenly tried to file it in the Northern District of Illinois. Lessner Aff., dkt. 29, exh.1. Ten days later, however, the amended complaint still had not been filed, prompting defendant's counsel to email plaintiffs' counsel again on March 6 to ask what had happened to it. *Id*., exh. 2. On March 11, plaintiffs' counsel replied that "the system" (presumably, CM/ECF, the court's electronic filing system) would not allow her to file the amended complaint until she received her "admission cert," which she expected would be within the week. *Id*. Plaintiffs' counsel assured defendant's counsel that she was "checking on it daily" and would be filing the amended complaint as soon as she could. *Id*. The Clerk of Court processed counsel's application on March 31, 2020.[1]

In spite of those assurances, another *five weeks* elapsed and *still* plaintiffs did not file the promised amended complaint. On or about April 14, defendant's counsel left a voicemail with

---

[1] According to the Clerk of Court's Office, plaintiff's attorney applied for admission on January 10, 2020 and that same day was sent an email with a link to pay her admission fee. Counsel did not pay until two months later, on March 11, 2020. By then, her application had lost its place in line; however, the policy of the Clerk's Office is that it will immediately address and resolve an attorney's inquiry about an admission application. The fact that the Clerk's Office did not process counsel's application until March 31 suggests that it had received no inquiry during the intervening 20 days.

plaintiffs' counsel that was not returned. A week later, he emailed plaintiffs' counsel and informed her that defendant would be filing a motion to dismiss for failure to prosecute if the amended complaint was not filed by Wednesday, April 22. *Id.*, exh. 3. On Thursday, April 23, plaintiffs' counsel emailed defense counsel, advising that her assistant had "submitted the filing" and would forward the confirmation. *Id*. Mysteriously, however, no amended complaint was filed on April 23, nor would one be filed for another week.

On April 28, defendant moved to dismiss the case for lack of prosecution under Rule 41(b), citing plaintiffs' repeated failure to file the amended complaint as ordered. Dkt. 27. Finally spurred to action, plaintiffs filed their amended complaint — without first seeking leave of the court — two days later, on April 30, 2020. Dkt. 30. On May 13, plaintiffs filed their brief in opposition to the motion to dismiss. Dkt. 33. *That* submission was late: the brief was due on May 12. In the brief, plaintiffs' counsel explained that she filed the amended complaint late because she did not receive her CM/ECF log-in and credentials until March 31, but by then she was barred from gaining access to her downtown Chicago office as a result of state and local orders enacted in response to the Covid-19 pandemic. Counsel also asserted that even had she filed the amended complaint, she could not have served it on ProSlide because of similar shut-down orders that affected process servers and businesses in Canada. Plaintiffs ask the court to deny defendant's motion and grant them leave retroactively to file their amended complaint. Dkt. 33, at 6.

## DISCUSSION

Rule 41(b) provides for dismissal of a plaintiff's case for failure to prosecute or to comply with the federal rules or any court order. Factors the court should consider when deciding a

3

motion to dismiss for failure to prosecute are the frequency and magnitude of the plaintiff's failure to comply with court deadlines, the effect of these failures on the court's time and schedules, the prejudice to other litigants, and the possible merits of the plaintiff's suit, *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998) (citation omitted), along with the apportionment of responsibility for those failures between the plaintiff and his counsel and therefore the appropriateness of sanctioning the plaintiff's lawyer rather than the plaintiff, *Ball v. City of Chicago*, 2 F.3d 752, 759-60 (7th Cir. 1993). Dismissal is a very harsh sanction, however, and should be used "only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Dunphy v. McKee*, 134 F.3d 1297, 1299 (7th Cir. 1998) (citations omitted).

The myriad failures by plaintiffs' attorney might actually warrant the severe sanction of dismissal, but I am not going to impose it. The amended complaint did not contain any new allegations against defendant and plaintiffs apparently have been responding to defendant's discovery requests. This case still is in its relatively early stages, with expert disclosures not due until September and dispositive motions not due until January 22, 2021. Assuming that service is promptly effectuated on ProSlide and that ProSlide soon appears in this case, it is theoretically possible that the schedule likely can remain intact.[2] Next, there is no basis from which this court can conclude that plaintiffs' suit is without merit. Finally, the Faxels can't be blamed personally for their counsel's lack of candor and diligence in filing the amended complaint; I conclude that it would be unfair to them to dismiss their case at this juncture.

---

[2] That said, it is unlikely. ProSlide is coming into this case four months later than the court was predicting. The court can and will modify the schedule if necessary to avoid any prejudice to ProSlide or Wilderness that might result from plaintiffs' delay.

For largely these same reasons, I will grant plaintiffs' untimely *de facto* request for leave to file the amended complaint.  In accordance with Rule 15(a)(2)'s instruction that the court should freely grant leave to amend when justice so requires, courts deny leave only when there is a substantial reason, such as undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 849 (7th Cir. 2002).  Although there has been undue delay here, defendant has raised no objection to the amended complaint itself.  In fact, defendant is just as interested in having ProSlide in this case as plaintiffs are, and already has filed a cross-claim against it.  Dkt. 34.  Under the totality of the circumstances, plaintiffs' delay is not a sufficient reason to deny leave to file the amended complaint.

That said, plaintiffs' counsel's conduct demonstrates a troubling lack of candor and lack of attention to her obligations to this court, to opposing counsel, and to her own clients.  To recount:  counsel first told opposing counsel that the amended complaint "should be coming through today," only to later claim that she was waiting for her CM/ECF log-in and credentials to be approved, but that she would file the amended complaint as soon as she could, likely within the week.  Counsel then went silent for over a month until she was threatened with a dismissal motion, at which point she assured opposing counsel that the amended complaint had been "submitted" when in fact it hadn't.  Only after defendant filed this motion did counsel actually file the amended complaint.

Even now, counsel offers opaque reasons for her delay. To be sure, the Covid-19 pandemic has wreaked havoc on normal business operations and caused difficulties in all spheres of life, and the court is empathetic to pandemic-related delays. Even so, counsel's general assertions about lacking access to her office doesn't explain why such access was necessary, when access was granted, or why counsel said the amended complaint had been filed on April 23 when it wasn't.

Moreover, as defendant's counsel points out, the pandemic does not explain counsel's shifting–and untrue–earlier explanations, nor does it explain why she did not obtain her CM/ECF credentials until March 31. Counsel's brief suggests she was waiting for court action on her application, but she does not claim to have taken any steps to move the process along. Having blown a court deadline and with opposing counsel breathing down her neck, one would have expected her first to pay the required fee sooner than March 11, and then to have at least called the clerk's office to inquire about the subsequent delay. As noted above, the clerk's office immediately would have addressed and remedied counsel's concerns. Nothing in plaintiffs' submissions suggests that counsel ever contacted the clerk's office.

Likewise, nothing in the record suggests that counsel ever called or emailed defendant's counsel to update him on counsel's progress (or lack thereof) in filing the amended complaint. Even accepting, *arguendo,* counsel's vague explanation that after receiving her CM/ECF credentials on March 31 that she still could not file the amended complaint because of Chicago's stay-at-home order, this doesn't explain why she didn't apprise defense counsel of this new obstacle. Instead, it appears that counsel communicated nothing until defendant threatened to file this motion. Even then, counsel continued her pattern of dissembling, stating that her

assistant had "submitted the filing" when in fact no amended complaint actually had been filed.

Plaintiffs' counsel may be right that, once the pandemic hit, the resulting shut-down orders eliminated any possibility of serving the amended complaint on ProSlide in late March or early April, so there was no hurry to file an amended complaint at that point. That excuse misses the mark. "Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party can not decide for itself when it feels like pressing its action and when it feels like taking a break because '[t]rial judges have a responsibility to litigants to keep their court calendars as current as humanly possible.'" *GCIU Employer Ret. Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1198–99 (7th Cir. 1993) (quoting *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 608 (7th Cir. 1986)). Obviously, COVID-19 has changed the scope of what is "humanly possible" when it comes to adhering to court calendars, but the rule against self-help still applies. As does the rule, set forth in the pretrial conference order, that "[t]he parties must attend diligently to their obligations in this lawsuit and must reasonably accommodate each other in all matters[.]" Dkt. 26, at 1. If plaintiffs needed relief from the scheduling order, then they should have asked for such relief from defendant, and then, if necessary, from the court, before February 21. They should *not* have let their obligations languish until threatened with dismissal, much less offer patently false excuses and explanations to opposing counsel along the way.

The main reason the court is not dismissing this lawsuit is because it would be unfair to the Faxels to throw them out of court because of improper behavior by their attorney of which they presumably were unaware. Plaintiffs are put on notice, however, that they have depleted the good will that this court automatically accords all litigants in its civil lawsuits. They will

7

have to toe the line on procedures and scheduling for the remainder of this case, beginning with prompt service of the amended complaint on ProSlide.

ORDER

It is ORDERED that:

(1) Defendant's motion to dismiss is DENIED for the reasons stated above;

(2) The court accepts plaintiffs' proposed amended complaint as their operative pleading;

(3) Plaintiffs' attorney is to provide a copy of this order to her clients not later than May 28, 2020 and to certify to the court that she has done so; and,

(4) Plaintiffs' attorney shall pay defendant's expenses and costs associated with filing its dismissal motion. *See* Fed. R. Civ. P. 16(f)(1)(C). Defendant may have until May 28, 2020 to file its itemized bill; plaintiffs' attorney may have until June 4, 2020 to respond to the reasonableness of the request.

Entered this 21st day of May, 2020.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge