IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MEGHAN FAXEL and
MIKE FAXEL,

          Plaintiffs,

   v.

WILDERNESS HOTEL & RESORT, INC.,
and PROSLIDE TECHNOLOGY, INC.,

          Defendants.

OPINION AND ORDER

19-cv-1026-slc

---

On August 18, 2016, while a guest at the Wilderness Resort in Wisconsin Dells, Meghan Faxel was injured on a water ride called "The Black Hole" when the inflatable tube on which she was riding got "stuck" in the ride's whirlpool portion, then flipped over, fracturing Faxel's clavicle. On July 10, 2019, Faxel and her husband filed a civil complaint for damages against Wilderness Resort, alleging that it had been negligent in numerous ways, including by designing, planning, constructing, and operating a water ride that did not have adequate water flow and was dangerous.[1]  Dkt. 1.  On April 30, 2020, more than three years after Meghan Faxel was injured on The Black Hole, plaintiffs filed an Amended Complaint naming Pro Slide Technology, Inc., the company that designed and serviced the ride, as a defendant.  Dkt. 30.

Now before the court is ProSlide's motion to dismiss the Faxels' claims against it on the ground that these claims are barred by Wisconsin's three-year limitations period for personal injury claims.  *See* Wis. Stat. § 893.54; dkt. 40.  I am granting this motion.

---

[1] Plaintiffs initially filed their complaint in the federal district court for the Northern District of Illinois. On December 2, 2019, that court issued an order finding that it lacked personal jurisdiction over the defendant and transferred the case to this court. Dkt. 21.

As an initial matter, I decline to consider plaintiffs' opposition brief, which they filed two days late without seeking leave of the court. In the ordinary case, this court would accept a two-day late brief almost as a matter of routine. This, however, is not an ordinary case. This court already has sanctioned plaintiffs' counsel for a troubling "lack of candor and diligence . . . in meeting deadlines, in responding to opposing counsel, and in complying with the Federal Rules of Civil Procedure." The court pointedly warned plaintiffs that they would have to "toe the line on procedures and scheduling for the remainder of this case." Order, May 21, 2020, dkt. 36, at 1, 8. This court does not issue hollow warnings. Accordingly, I am disregarding plaintiffs' brief for being late without excuse.

Having done so, the motion must be granted. "While a statute of limitations defense is not normally part of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), when the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011); *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005). Where "facts pleaded in the complaint establish that a claim is time barred," the claim must be dismissed. *Logan*, 644 F.3d at 582. When reviewing a Rule 12(b)(6) motion to dismiss, the court accepts all well-pleaded facts as true and views them in a light most favorable to the plaintiff. *Doe v. Vill. of Arlington Heights*, 782 F.3d 911, 914–15 (7th Cir. 2015).

When considering statute of limitations issues, a federal court sitting in diversity applies the substantive law of the state in which it sits. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 752-53 (1980); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1983); *Hollander v. Brown*, 457 F.3d 688, 692 (7th Cir. 2006) (statute of limitations is substantive matter for purposes of the *Erie*

doctrine). Under Wisconsin law, plaintiffs had three years from the date of injury to file suit. Wis. Stat. § 893.54(1m)(a). According to the First Amended Complaint, Meghan Faxel was injured on August 18, 2016. Plaintiffs' three-year limit to file suit against Proslide expired on August 18, 2019. Plaintiffs filed their First Amended Complaint naming ProSlide as a defendant on April 30, 2020. Accordingly, plaintiffs' claims against ProSlide are time-barred. For the sake of completeness, I note that plaintiffs' defense to ProSlide's motion would fail even if I were to consider it. Plaintiffs rely on Wisconsin's relation-back statute, Wis. Stat. § 802.09(3), which permits a party to amend its pleading to add a new party after the statute of limitations has expired if it can meet three conditions:

> (1) the claim the party seeks to assert in the amended complaint arises out of the transaction, occurrence, or event set forth or attempted to be set forth in the original complaint;
>
> (2) the added party receives notice of the institution of the action such that he or she will not be prejudiced in maintaining a defense on the merits within the period provided by law for commencing a claim; and
>
> (3) within the period provided by law for commencing a claim, the added party knows, or should know that, but for a mistake concerning the identity of the proper party, the action would have been brought against the added party.

*Wiley v. M.M.N. Laufer Family Ltd. P'ship*, 2011 WI App 158, ¶ 9, 338 Wis. 2d 178, 184–85, 807 N.W.2d 236, 239; Wis. Stat. § 802.09(3).

Plaintiffs assert that this rule applies because: (1) their claims in the First Amended Complaint against ProSlide arose out of the transaction described in the original complaint; and (2) discovery is likely to reveal that ProSlide "knew or should have known about their potential exposure to suit" at some point within the limitations period. Plts.' Br., dkt. 43, at 4. Even if this court were, *arguendo*, to accept these two contentions as true, plaintiffs offer no argument

whatsoever about condition (3), which requires them to show that they would have added ProSlide earlier "but for a mistake concerning the identity of the proper party." Absent any argument or facts to suggest plaintiffs could meet all *three* conditions for application of the relation-back doctrine, their defense to ProSlide's motion fails. *See, e.g., United States v. Alden*, 527 F.3d 653, 664 (7th Cir. 2008) ("Because it is not the obligation of this Court to research and construct the legal arguments available to parties, . . . these arguments are waived and warrant no discussion.").[2]

ORDER

Defendant ProSlide Technology, Inc.'s Motion to Dismiss plaintiffs' claims against it (Counts IV and V of the First Amended Complaint) as untimely filed, dkt. 40, is GRANTED. Nothing in this order should be construed as having any bearing on Wilderness's cross-claim against ProSlide for contribution under Wis. Stat. § 893.92.

Entered this 10th day of August, 2020.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge

---

[2] In fact, the attachments to plaintiffs' brief reveal that they were motivated to add ProSlide as a party only after *Wilderness* identified it as a potential defendant and asked plaintiffs to amend their complaint accordingly. Nothing in plaintiffs' brief or complaint itself indicates that the delayed addition of ProSlide was the result of mistaken identity of the proper defendant.