IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MEGHAN FAXEL and
MIKE FAXEL,

                 Plaintiffs,                                      ORDER

      v.

                                                    19-cv-1026-slc

WILDERNESS HOTEL & RESORT, INC., and
PROSLIDE TECHNOLOGY, INC.,

                Defendants.

---

Before the court is plaintiffs' December 1, 2020 motion to extend their September 11, 2020 deadline to disclose liability experts (dkt. 51), which defendants oppose (dkts. 56 and 58). For the reasons stated below, I am denying this motion.

This is a civil lawsuit to recover damages arising from an injury sustained by Meghan Faxel on a water ride at the Wilderness Resort in Wisconsin Dells. Dkt. 1. On January 24, 2020, this court issued an order establishing the schedule for the case. Dkt. 26. Under the schedule, the plaintiffs (as proponents) had until September 11, 2020 to disclose their liability experts. They did not do so.

On December 1, 2020, plaintiffs filed the instant motion asking the court to set new deadlines for the disclosure of expert witnesses. Dkt. 51. This motion followed on the heels of a motion by Attorney Christopher Norem to be substituted as plaintiffs' counsel in place of Amanda Martin, an associate at Norem's firm who had been handling the case since its inception and whose misconduct nearly resulted in the dismissal of this case back in May 2020. *See* Op. and Ord., May 21, 2020, dkt. 50 (denying defendant's motion to dismiss for failure to prosecute but ordering plaintiffs' counsel to pay defendant's attorneys fees). In fact, Martin's conduct was so concerning to the court that it directed her to provide a copy of the court's order to her clients and to certify that she had done so. *Id*. at 8.

In addition, the court warned plaintiffs that

> they have depleted the good will that this court automatically
> accords all litigants in its civil lawsuits.  They will have to toe the
> line on procedures and scheduling for the remainder of this case,
> beginning with prompt service of the amended complaint on
> ProSlide.
>
> *Id*. at 7-8.

In support of the motion for a new expert deadline, Norem avers that he knew nothing of the court's May 21, 2020 order and was unaware of Martin's ongoing misconduct in this case. Norem states that he only recently learned that Martin was using a personal email address for all communication with the court, and that, as a result, Norem was unaware of the court's scheduling order or subsequent orders.  In other submissions, Norem asserts that Martin actively concealed the fact that she was ordered to pay $1,591 to defendant's counsel as a sanction for her dilatory conduct and that she never provided the Faxels with a complete copy of this court's May 21, 2020, order; instead, she merely cut and pasted the court's four-line minute order at the end of that opinion into an email to her clients.  Dkts. 51-1, 54, 57-1.  Norem reports that as a result of this and other conduct, he fired Martin and has referred her to Illinois's ARDC.

Fed. R. Civ. P. 16(b)(4) provides that a scheduling order "may be modified only for good cause[.]"  "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011) (citing *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005).  *See also Amcast Indus. Corp. v. Detrex Corp.*, 132 F.R.D. 213, 218 (N.D. Ind. 1990) ("It is clear that the 'good cause' requirement of Rule 16(b) contemplates an affirmative showing on the part of the moving party, demonstrating that the moving party would have been unable to meet a schedule deadline despite due diligence."); Fed. R. Civ. P. 16 advisory

committee's notes (1983 amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."); 6A Wright, Miller & Kane, Federal Practice and Procedure § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence). "Prejudice to the opposing party remains relevant but is not the dominant criterion." *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 155 (1st Cir. 2004). *See also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification . . .. If that party was not diligent, the inquiry should end.") (internal citation omitted).

I accept Norem's assertion that he and the Faxels were unaware of Martin's mishandling of this lawsuit until recently. Unfortunately for the Faxels, this does not provide the requisite "good cause" for this court to grant them a new expert disclosure deadline, the fallout of which would be that the court would have to push back *all* of the dates in this case, including the trial date.[1] Even if the court deems Martin's actions to be "gross misconduct," and even if the Faxels knew nothing about it, the Faxels nonetheless are bound by Martin's conduct. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633–34 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of

---

[1] Although the pandemic has required cancellation of a number of jury trials in response to local COVID spikes, all judges in this court have unflaggingly required the parties in both civil and criminal cases to comply with their court-ordered discovery obligations and motions deadlines. This allows timely rulings on dispositive motions and keeps our cases trial-ready for those weeks when it is safe to bring jurors into the courthouse. Anything less would result in an irremediable court-wide calendaring implosion.

representative litigation...."); *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009) ("The rule is that *all* of the attorney's misconduct (except in the cases where the act is outside the scope of employment or in cases of excusable neglect) becomes the problem of the client.") (emphasis in original, citation omitted); *United States v. 7108 West Grand Avenue*, 15 F.3d 632, 634 (7th Cir. 1994)("The clients are principals, the attorney is an agent, and under the law of agency the principal is bound by his chosen agent's deeds.").  *See also Hussain v. Nicholson*, 435 F.3d 359, 363–64 (D.C. Cir. 2006) (concluding no "good cause" existed to extend Rule 16 deadline despite the court's sympathy for the plaintiff, who was "the victim of [the former attorney's] negligence," and sympathy for the new counsel, "who has tried hard to salvage her client's case") (citing *Link*, 370 U.S. at 633-34)).  Blameless though the Faxels may be,

> shortcomings in counsel's work come to rest with the party represented. They do not justify extending the litigation, at potentially substantial expense to the adverse party.

*Carson v. Bethlehem Steel Corp.*, 82 F.3d 157, 159 (7th Cir. 1996).


ORDER

It is ORDERED that plaintiffs' motion for an extension of their expert disclosure deadline, dkt. 51, is DENIED.


Entered this 10th day of December, 2020.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge

4